## No. 743

### POPOV v. STATE

Ohio Appeals, Second District, Montgomery County
No. 544. Decided Aug. 21, 1923

Opinion has not been published except in Abstract.

531. SEARCH WARRANT.

Irregular search warrant does not render evidence incompetent.

BY THE COURT.

### Epitomized Opinion

Popov was convictced in Dayton Municipal Court upon a charge of possessing intoxicating liquor and was fined $500 and costs. The Common Pleas affirmed the judgment. The evidence disclosed that Popov's soft drink parlor was raided and a sample of whiskey was obtained from the bottom of a blind drain pipe where it had been throw by Popov. The whiskey was analyyzed and was shown to contain 48 per cent alcohol. Popov appeared in his own behalf and called other witnesses. In affirming the judgment the Court of Appeals held:

1. The search warrant is in legal form, and was valid, but even if irregular, it would not affect the regularity of the trial nor render the evidence incompetent.

2. We think the affidavit was in the usual and approved form and was sufficient.

Attorneys—Egan & Delscamp, for Popov; L. Cecil, for State.

---

## No. 744

### CINCINNATI TRACTION CO. v. DONLEY

Ohio Appeals, First District, Hamilton County
No. 2106. Decided May 14, 1923

373-1. VERDICT.

Amount of in personal injury case—$7,000 damages held not excessive.

Cushing, Buchwalter and Hamilton, JJ.

PER CURIAM.

### Epitomized Opiniion

Donley was injured by being thrown from a street car of Traction Co. in attempting to alight. She was thrown violently, striking her back, elbow and hip. The evidence disclosed that she was permanently injured; that prior to this injury she was well and strong, did the housework and had not been under doctor's care. The trial occurred more than two years after the accident. At that time she was still under doctor's care, her eyes were badly affected, she suffered pain in her head and back, was unable to leave her home alone, or to perform any household duty. At the time of the trial she was getting worse. The jury returned a verdict for $7,000 and judgment was entered on the verdict. The only error assigned by the Traction Co. is that the judgment is excessive, in that the amount is contrary to the evidence, and that the jury was influenced by passion and prejudice. In affirming the judgment the Court of Appeals held:

1. The record does not disclose any circumstance indicating passion and prejudice.

2. We cannot say, from the nature of the injuries, that the judgment is excessive.

Attorneys—J. C. Stewart, for Traction Co.; F. L. Bonham and T. L. Michie, for Donley.